UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES WINKLER                                    CIVIL ACTION

VERSUS                                             NO. 06-10472

ALLSTATE INSURANCE COMPANY,          SECTION "C" (2)
ET AL

ORDER AND REASONS

This matter comes before the Court on the issue of whether subject matter

jurisdiction exists in this removed case.   Having determined that the defendant has not

shown that the jurisdictional amount was in controversy at the time of removal, this

matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.   It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

        The defendant has not met its burden of establishing jurisdiction.   The defendant

argues that the policy limits and the allegation that plaintiffs sustained "substantial

damage" are sufficient to establish the Court's jurisdiction, when considered in

conjunction with penalties and attorney's fees. This Court disagrees that these

allegations either show that the jurisdictional minimum is"facially apparent"or that the

showing is "sufficiently particularized" to meet the defendant's burden.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792

F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller

& E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter

jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C

*Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th

Judicial District Court for the Parish of St. Bernard, State of Louisiana, due to a lack of

subject matter jurisdiction under 28 U.S.C. § 1447(c).[1]

New Orleans, Louisiana, this  12th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1]       The Court does not rule on the plaintiff's motion to remand or whether the non-diverse defendants were improperly joined.